IUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D Samuel Goodell,

    Plaintiff,

v.                                                             Case No. 12-15051
                                                            Hon. Victoria A. Roberts

S. Fazekas-Hardy et al.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR
TEMPORARY RESTRAINING ORDER**

**I. Introduction**

This matter is before the Court on Plaintiff's Ex Parte Motion for Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 65.1. Plaintiff's motion is **DENIED**.

**II. Background**

On November 14, 2012, Plaintiff Goodell--a state prisoner at Gus Harrison Correctional Facility--filed a complaint against Defendant Fazekas-Hardy and a John Doe defendant, alleging racial discrimination and retaliation in violation of the Fourteenth and First Amendments, respectively. Defendants are employees of the Michigan Department of Corrections ("MDOC").

Mr. Goodell claims that Defendant Fazekas-Hardy--a prison librarian--discriminated against him in his library job at Parnall Correctional Facility because better hours, work assignments, and overtime were given to "non-white" people. Mr. Goodell

1

also alleges that an unknown John Doe defendant ordered him be transferred to another correctional facility in retaliation for beginning a grievance process over Defendant Fazekas-Hardy's alleged discriminatory acts.

Mr. Goodell filed an Ex Parte Motion for Temporary Restraining Order, asking the Court to require the MDOC to:

(1) Maintain and preserve an extensive list of records, including those related to Mr. Goodell, his present claims, his work in the library, communications between the prison's employees, and the prison's operations;

(2 Keep Mr. Goodell assigned to bunk E-62 at Gus Harrison;

(3) Allow Mr. Goodell to secure his property in his footlocker and wall-locker on any day he is transported outside Gus Harrison to appear before this Court;

(4) Immediately accommodate any request by Mr. Goodell for Law Library services; and

(5) Immediately accommodate any request by Mr. Goodell for notary service.

He also asks the Court to:

(6) Issue and serve upon the MDOC writs of Habeas Corpus to produce Mr. Goodell to appear before this Court;

(7) Schedule this matter before the Court; and

(8) Award any other relief this Court deems just.

**III. Analysis**

Federal Rule of Civil Procedure 65(b) authorizes a court to issue a temporary restraining order without notice to the adverse party only where the moving party

2

demonstrates "immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b)(1)(A). "Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury . . . ." *1st Ave. Funding v. Fairchild Holdings, Inc.*, CIV.A. 12-13067-DT, 2012 WL 3061080 (E.D. Mich. July 26, 2012) (citing *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 (1969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504–06 (1973)); *Gen. Ret. Sys. of the City of Detroit v. Onyx Capital Advisors, LLC*, 10-CV-11941, 2010 WL 2231885 (E.D. Mich. June 4, 2010) (same).

A harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). An ex parte temporary restraining order is "an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)). The restrictions in Rule 65(b) reflect the fact that a temporary restraining order, issued ex parte, is inconsistent with the established notion that a party have notice and an opportunity to be heard prior to any court action. *First Technology Safety Systems, Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993).

Mr. Goodell says that this motion is presented without notice to the Defendants because he has not had the opportunity to review the MDOC's policy on record-keeping

3

and fears the records he seeks may become lost, altered, or destroyed during the normal course of the MDOC's business if this motion is not granted. He also says that records relevant to an April 15, 2012 incident may have already been destroyed because MDOC has a policy to maintain call-outs and hand passes for six months only.

Upon review, the Court finds that Mr. Goodell has not met his burden to show imminent irreparable harm before the Defendants can be heard. First, Mr. Goodell has not produced compelling evidence that the MDOC is destroying or discarding the identified records or that it will do so in the near future. Mr. Goodell has not shown a proprietary interest in bunk E-62, the footlocker, wall-locker, and Law Library and notary services. Nor has he shown immediate irreparable harm that cannot be compensated with money damages if his requests are not granted.

Furthermore, Mr. Goodell asks this Court to issue writs of Habeas Corpus; he says he will not be able to appear otherwise. However, a motion for a temporary restraining order is not the proper vehicle for a petition for writ for Habeas Corpus. Furthermore, such relief is available when a person in custody is attacking the legality of that custody. *Pudelski v. Wilson*, 576 F.3d 595, 608 (6th Cir. 2009) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484, (1973)). Mr. Goodell does not allege that he is being improperly held.

## V. Conclusion

Mr. Goodell has not met the requirements of Rule 65(b). The Court **DENIES** Mr. Goodell's Ex Parte Motion for Temporary Restraining Order.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 18, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record and D Samuel Goodell by electronic means or U.S. Mail on December 18, 2012.

S/Linda Vertriest
Deputy Clerk

---