UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

D. SAMUEL GOODELL,

                 Plaintiff,           CASE NUMBER: 12-15051
                                           HONORABLE VICTORIA A. ROBERTS

v.

STEPHANIE FAZEKAS-HARDY,
*et al.*,

                 Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I.   INTRODUCTION

D. Samuel Goodell ("Goodell") filed suit alleging that Stephanie Fazekas-Hardy racially discriminated against him by only offering overtime hours to non-white employees.

Pending before the Court is Fazekas-Hardy's Motion for Summary Judgment. Fazekas-Hardy says she did not discriminate against Goodell, and that she had legitimate, non-discriminatory reasons for not offering him overtime hours. She claims qualified immunity.

The Court **GRANTS** Defendant Fazekas-Hardy's Motion. She had legitimate, non-discriminatory reasons for not offering Goodell overtime hours; she is entitled to qualified immunity.

## II.     BACKGROUND AND PROCEDURAL HISTORY

At all relevant times, Goodell was an inmate at Parnall Correctional Facility ("Parnall"). The Parnall Law Library had four clerk positions and maintained a racially balanced staff; two positions were designated for "white" inmates, and two were designated for "non-white" inmates. In October 2011, Goodell was hired to one of the clerk positions designated for a white prisoner. Shortly after Goodell started employment, Stephanie Fazekas-Hardy joined Parnall as Head Librarian. As part of her duties, Fazekas-Hardy oversaw prison job assignments at the Law Library. After Fazekas-Hardy's arrival, Parnall opened the Law Library on Monday mornings; at the time of Goodell's hiring, the Law Library was not open on Monday mornings. Goodell alleges that Fazekas-Hardy only offered "non-white" clerks overtime to fill these extra hours, resulting in lost wages to him. Goodell claims that this is "reverse discrimination."

Fazekas-Hardy claims that she offered overtime to all clerks as needed and as dictated by area of expertise; she says she never discriminated based on race.

## III.     STANDARD OF REVIEW

The Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986). A fact is material if it could affect the outcome of the case based on the governing substantive law. *Id*. at 248. A dispute about a material fact is genuine if, on review of the evidence, a reasonable jury could find in favor of the nonmoving party. *Id.*

2

The moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets this burden, the nonmoving party must "go beyond the pleadings and … designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. The Court may grant a motion for summary judgment if the nonmoving party—who has the burden of proof at trial—fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto.*, Inc., 328 F.3d 870, 873 (6th Cir. 2003). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment." *Johari v. Big Easy Restaurants, Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

When reviewing a summary judgment motion, the Court must view the evidence and all inferences drawn from it in the light most favorable to the nonmoving party. *Kochins v. Linden–Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986). The Court "need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

3

## IV.    ANALYSIS

Fazekas-Hardy says: (1) Goodell failed to establish an equal protection claim; and (2) she is entitled to qualified immunity.

### I.    COUNT ONE: EQUAL PROTECTION CLAIM

Goodell's equal protection claim is brought under 42 U.S.C. § 1983. To state a claim for violation of 42 U.S.C. § 1983, he must demonstrate that: (1) a person, (2) acting under color of state law, (3) deprived him of a federal right. *Sperle v. Michigan Dep't of Corr.*, 297 F.3d 483, 490 (6th Cir. 2002). Goodell claims that Fazekas-Hardy violated his Fourteenth Amendment equal protection rights.

To prevail on such a claim, Goodell must allege and show that Fazekas-Hardy took adverse action against him "with a discriminatory intent and purpose." *Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 614 (6th Cir. 2003). This is a race claim. Goodell does not allege direct evidence of discrimination. *See Rowan v. Lochheed Martin Energy Sys., Inc.*, 360 F.3d 544, 548 (6th Cir.2004) (direct evidence is "evidence that proves the existence of a fact without requiring any inferences"). Instead, Goodell relies upon inferences from the circumstantial evidence—his subjective belief that a non-white clerk was given overtime for frivolous work, and that other similarly situated, non-white prisoners were offered overtime hours and he was not.

Federal courts have adopted a clear analytical framework governing disparate treatment cases based on circumstantial evidence. *See Sutherland*, 344 F.3d at 614 (recognizing the applicability to § 1983 cases of the framework set forth in the Title VII

4

case of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Applying that framework in this overtime work context, Goodell must allege: (1) that he is a member of a protected class; (2) he was qualified for overtime; (3) he was denied the opportunity for overtime; and (4) other similarly situated persons who were not members of the protected class were treated differently. *See id.* In cases of alleged "reverse discrimination," Goodell must "demonstrate background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority." *Grizzell v. City of Columbus Div. of Police*, 461 F.3d 711, 719 (6th Cir. 2006).

Once Goodell establishes a *prima facie* case of racial discrimination, the burden shifts to Fazekas-Hardy to offer a "legitimate, non-discriminatory reason" for the adverse employment action. *Sutherland*, 344 F.3d at 614-15. If she meets this burden, then the burden of production shifts back to Goodell to demonstrate that the proffered reason is a pretext. *Id.* at 615.

Even assuming that Goodell can establish a *prima facie* case, *Fazekas*-Hardy had legitimate, non-discriminatory reasons for not offering Goodell additional overtime hours. She says that: (1) she offered overtime based on institutional needs; (2) he violated Michigan Department of Corrections policies while on the job; and (3) he previously turned down opportunities for overtime.  Additionally, Goodell does not dispute that he worked some overtime hours after Fazekas-Hardy started her employment.

5

Goodell cannot prove that Fazekas-Hardy's reasons are pretextual because his affidavit relies on subjective belief. Affidavits setting forth nothing more than rumors, conclusory allegations, and subjective belief are insufficient evidence to establish a claim of discrimination. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584-85 (6th Cir. 1992). Goodell's affidavit relies on his subjective belief: (1) that a non-white clerk did not perform appropriate work when receiving overtime; (2) the same clerk maintained an improper relationship with a prison employee; and (3) the same clerk frequented the Law Library without permission. These subjective beliefs are insufficient evidence to support his assertion of pretext.

Additionally, the documentation Goodell provides is not sufficient to support his assertion of pretext. Goodell provides numerous trust account statements, the grievance that he filed, and a favorable work evaluation before the alleged reprimand. This documentation only proves that Goodell worked at the library, he complained about Fazekas-Hardy, and Fazekas-Hardy, at one time, approved of his work; the documentation is not sufficient to show pretext.

Fazekas-Hardy is entitled to judgment as a matter of law; Goodell cannot show that her reasons for not offering overtime are pretextual.

## II.    COUNT TWO: QUALIFIED IMMUNITY

Generally, qualified immunity shields government officials from civil damages when they are performing discretionary functions, and their actions do not violate clearly

established statutory or constitutional rights that a reasonable person would have known. *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999).

The Court evaluates qualified immunity claims by determining: (1) whether a constitutional violation occurred; (2) whether the right that was violated was a clearly established right of which a reasonable person would have known; and (3) whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Id.*

The Court finds as a matter of law that Fazekas-Hardy did not violate Goodell's constitutional rights. Fazekas-Hardy is entitled to qualified immunity from suit.

## V.    CONCLUSION

The Court **GRANTS** Defendant's Motion for Summary Judgment and **DISMISSES** Plaintiff's Complaint against her.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 7/15/13

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 15, 2013.
S/Carolyn Ciesla Linda Vertriest
Deputy Clerk

7